**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN STRICKLAND,** | ) | **CASE NO. 1:10CV2944** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MICHELLE MILLER, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner Christian Strickland's  Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).   For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## <u>FACTS</u>

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted by the May 2007 term of the Cuyahoga County, Ohio Grand Jury on two counts of Rape, two counts of Attempted Rape, two counts of Felonious Assault and one count of Kidnapping. On June 9, 2008, Petitioner waived his right to a jury trial and elected to be tried to the bench. On June 13, 2008, Petitioner was found guilty of Rape, Attempted Rape, Attempted Felonious Assault and Kidnapping. On July 28, 2008, he was sentenced to an aggregate term of eight years incarceration and determined to be a Tier II Sexual Offender.

On August 21, 2008, Petitioner filed a timely Notice of Appeal to the Eighth District Court of Appeals. The Court of Appeals overruled each assignment of error and affirmed the judgment of the trial court. On October 1, 2009, Petitioner filed an Appeal to the Ohio Supreme Court. On December 30, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the Appeal as not involving any substantial constitutional question.

Petitioner filed the instant Petition on December 29, 2010 asserting the following two grounds for relief:

**GROUND ONE:** PETITIONER'S RIGHT TO A FAIR TRIAL AND DUE PROCESS WAS VIOLATED WHEN THE PETITIONER WAS DENIED ACCESS TO THE COMPLAINING WITNESSES (SIC) COMPUTER DATA BY THE TRIAL JUDGE WHO QUASHED SUBPOENAS ISSUED FOR SAID DATA IN VIOLATION OF THE VI AND XIV AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

**GROUND TWO:** PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY, IN THAT, HE FAILED TO RECEIVE A PROPER WAIVER OF TRIAL BY JURY IN ACCORDANCE WITH R.C. 2945.05 IN VIOLATION OF THE VI AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

On January 10, 2011, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and

2

Recommendation on May 21, 2012. On June 5, 2012, Petitioner filed Objection to Magistrate's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

3

## ANALYSIS

In Ground One, Petitioner contends that his rights to a fair trial and due process were violated when the trial court quashed subpoenas that sought information from the victim's home and work computers.  Petitioner maintained that these records would have gone to the victim's credibility.  In his thorough Report and Recommendation, the Magistrate Judge determined that the decision of the trial court did not deny Petitioner a fundamentally fair trial.

As the Court of Appeals noted, the trial court permitted Petitioner to have access to all the victim's home and work computers, as well as her cell phone records and records from the dating service, subject only to redactions to protect any attorney-client privilege.  The Court agrees with the Magistrate Judge that the instant Petition does not clearly articulate what specific discovery was disallowed and how it was critical to Petitioner's defense.  Specifically, to determine if the admission or exclusion of evidence has denied a defendant the fundamental right to due process, the federal habeas court must consider the extent to which the evidence in question "is material in the sense of a crucial, critical and highly significant factor." *Estelle v. McGuire*, 502 U.S. 62,  67-68; *Lewis v. Jeffers*, 497 U.S. 780.

In Ground Two, Petitioner contends that he did not execute a valid waiver of his right to a trial by jury according to the terms of Ohio law, and that this invalid waiver constitutes a violation of Article VI of the U.S. Constitution.  The Court of Appeals found Petitioner's waiver to be valid and that the record fully supported that conclusion.  The record shows that the trial court read the waiver in full to Petitioner in open court, asked him if he willingly signed the waiver,  and then made the waiver a part of the record.

4

The Court agrees with the Magistrate Judge that the decision of the state court is not contrary to clearly established federal law.  As the Sixth Circuit has stated, the clearly established federal law concerning waiver of the right to a jury trial "require[s] only that the waiver be consented to by the government and sanctioned by the court, and that it reflect the 'express and intelligent consent of the defendant.'"  *Filiaggi v. Bagley*, 445 F.3d 854-55, quoting *Patton v. United States*, 281 U.S. 276, 312 (1930), abrogated on other grounds, *Williams v. Florida*, 399 U.S. 78 (1970).

In his Objection to Magistrate's Report and Recommendation, Petitioner merely asserts that the Magistrate Judge erred in his findings, and the Ohio courts erred in quashing the subpoenas.  Petitioner re-states his supporting facts for Ground One and states no objection to the Magistrate Judge's conclusion regarding Ground Two.  Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made.  A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950(6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held:  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."   "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

 "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the

5

petitioner's] position.'" *Ayers,* supra at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).  Petitioner does not provide the Court with an outline of areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Petitioner's  submission simply recites his objection; but is the equivalent of an utter failure to object.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:6/11/2012

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge